AO 472  (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

JAMIS YOUSEF
*Defendant*

### ORDER OF DETENTION PENDING TRIAL

Case Number: 09-30450-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -  that is
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   ☑ clear and convincing evidence   ☐ a preponderance of the evidence  that

This is a presumption case.  Defendant is before the court on a criminal complaint which charges him with conspiracy to deliver 39.9 kilograms of MDMA (150,000 ecstasy units).  If convicted he faces a 20 year statutory maximum and 188 - 235 months incarceration. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 5, 2009 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is a 31 year old unemployed resident of Etobioke, Ontario in Canada. He is a Canadian citizen born in Iraq who is single and lives with his mother and pays rent to her. He has two brothers and four sisters who reside in the district. His brother, Genen Yusuf, is offering to act as third party custodian if the defendant is released on bond. Unfortunately, it is this brother's two vehicles that were allegedly used in the delivery of the 39.9 kilograms of ecstasy by the defendant and his co-defendants.

Defendant has an outstanding 2007 criminal bench warrant for a traffic offense in Sterling Heights, Michigan, which he claims he never received notice of because he resides in Canada. Sterling Heights is willing to place the Defendant on a bond in this matter, according to the information available.

Defendant also has a sexual assault and family violence case pending in Canada as of May 16, 2009. He explains that it is his ex-girlfriend who brought the case against him as retribution for his "dumping" her.

As stated above, Defendant requests that he be allowed to reside with his brother, Genen Yusuf, in Sterling Heights on a bond with a tether. Genen Yusuf is married with two children ages 4 and 6 at home and he is employed full time as a dealer in a local casino. Defendant's brother's two vehicles are implicated in the delivery of the drugs involved, and that factor alone gives this court pause about the suitability of Mr. Genen Yusuf as a third party custodian.

Defendant's community ties are in Canada. Although he has relatives who reside in this district, he has no other ties here. He is a Canadian citizen. He is unemployed and he faces significant charges which carry significant penalties here. If he were to flee to Canada, it would take years to invoke the extradition process in an effort to bring him back to face charges. Defendant is heavily incented to flee to Canada, given the gravity of the charges and the severity of the potential penalties.

This is a presumption case. The case seems strong on its face and the penalties are severe. The presumption has not been rebutted by the fact that defendant has relatives who reside in this district whom he sees sporadically at best. Furthermore the presumption has not been rebutted by any other factors presented to the court.

Defendant is viewed as a danger to the community, based upon his pending sexual assault/family violence case in Canada, as well as the instant charges because of the volume of drugs involved and their street value. Defendant also poses a significant risk of flight due to his Canadian citizenship and his lack of community ties to this district (other than having some relatives who live here). A tether would not prevent flight to Canada.

Because Defendant is viewed as a risk of flight and a danger to the community, and because the proposed third party custodian's two vehicles were allegedly implicated at the scene of the drug delivery, there are no conditions of bond that would assure Defendant's appearance in court or the safety of the community. Therefore Detention is Ordered.

2:10-cr-20127-RHC-MAR  Doc # 10  Filed 11/05/09  Pg 3 of 3  Pg ID 10